# APPENDIX

# 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CRYSTAL CARTER and THE CONNECTICUT FAIR HOUSING CENTER, | ) ) ) ) ) | |
| *Plaintiffs*, | ) ) | Case No.: 3:12-cv-01108 (WWE) |
| v. | ) ) | |
| HOUSING AUTHORITY OF THE TOWN OF WINCHESTER, | ) ) ) ) | |
| *Defendant.* | ) ) | |

### CONSENT DECREE

This Consent Decree is entered into by and between Plaintiff the Connecticut Fair Housing Center ("CFHC"), Plaintiff Crystal Carter (together "Plaintiffs"), and Defendant the Housing Authority of the Town of Winchester ("WHA" or "Defendant"), by and through their respective counsel (collectively, the "Parties").

WHEREAS, on August 1, 2012, Plaintiffs filed a Complaint, claiming damages pursuant to the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601, *et seq*.  On November 30, 2012, Plaintiffs filed a First Amended Complaint ("FAC") re-alleging claims that WHA was in violation of the FHA, and alleging that, through its conduct, WHA committed the tort of negligence per se.

WHEREAS, WHA maintains that it has at all times acted in compliance with the FHA and other laws, and denies any and all liability for the claims alleged in the Complaint and the FAC.

WHEREAS, the Parties have the mutual desire to settle the case and to avoid protracted

expenses and litigation.

WHEREAS, the Parties understand the legal requirement of complying with the federal Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*, including, without limitation, not discriminating on the basis of race, color, or national origin and by affirmatively furthering fair housing.

WHEREAS, the Parties understand the legal requirement of administering the WHA Section 8 Housing Choice Voucher Program, in a manner that makes vouchers available on an equal basis without regard to race, color, or national origin in compliance with the FHA as provided by the terms of this Consent Decree and the WHA's Section 8 Administrative Plan ("the Plan").

WHEREAS, the parties understand that WHA is in the process of terminating its administration of the Program (as defined below).

NOW, **THEREFORE,** it is hereby stipulated and agreed, by and among the Parties, that all claims shall be compromised, settled, released, and dismissed with prejudice, upon and subject to the terms and conditions of this Consent Decree, as follows:

## I.   DEFINITIONS

1.   As used in this Consent Decree, the following terms shall have the following meanings:

(a)   "Action" shall mean *Crystal Carter and the Connecticut Fair Housing Center v. Housing Authority of the Town of Winchester*, No. 3:12-cv-01108 (WWE), pending in United States District Court for the District of Connecticut.

(b)   "WHA Section 8 Housing Choice Voucher Program" or the "Program" shall mean the Section 8 Housing Choice Voucher program administered by WHA.

(c)   "Plaintiffs" shall mean Crystal Carter and the Connecticut Fair Housing Center, and its directors, officers, Board members, agents, employees, former employees, attorneys, and predecessors.

(d)     "Defendant" or "WHA" shall mean the Housing Authority of the Town of Winchester and its directors, officers, Board members, agents, employees, former employees, attorneys, and predecessors.

(e)     "Minority" shall mean African Americans and Hispanics.

(f)     "Effective Date" shall mean the date on which this Consent Decree is approved by the Court.

(g)     "Rental Assistance Alliance" or "RAA" shall mean Barkhamsted, Canaan, Colebrook, Cornwall, Goshen, Harwinton, Kent, Litchfield, New Hartford, Norfolk, North Canaan, Roxbury, Salisbury, Sharon, Warren, Washington, and Winchester/Winsted.

(h)     "Plaintiffs' Counsel" shall mean Relman, Dane & Colfax PLLC.

(i)     "HUD" shall mean the United States Department of Housing and Urban Development.

(j)     "Non-Resident" shall mean an individual or household that does not reside in the RAA at the time of application to the Program.

(k)     "Resident" shall mean an individual or household that resides in the RAA at the time of application to the Program.

## II.     <u>NO ADMISSION OF FAULT OR LIABILITY</u>

2.     This Consent Decree and all negotiations, statements, and proceedings in connection therewith shall not be construed, used, or deemed in any manner as any admission or concession by Defendant: (a) regarding the validity or enforceability of any of the claims asserted or that could have been asserted in the Complaint or the FAC; or (b) of any fault, wrongdoing, omission or liability whatsoever with reference to any of the claims asserted or that could have been asserted in the Complaint or the FAC.  This Consent Decree and all negotiations, statements, and proceedings in connection therewith shall not be construed, used, or deemed to be evidence of any admission or concession that Plaintiffs have or have not suffered any damages in connection with this Action.  This Consent Decree may be filed in any subsequent action brought against Plaintiffs or Defendant in order to support a defense or

counterclaim by either party of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim or issue preclusion or similar defense or counterclaim.

III.   **GENERAL OPERATION OF WHA SECTION 8 VOUCHER HOUSING PROGRAMS**

3.      The Program shall be implemented, made available, and marketed as provided by the terms of this Consent Decree and the Plan, as long as WHA operates the Program.

4.      Defendant shall not utilize a residency requirement or residency preference in the Program and the Program shall be open to all Non-Residents as long as WHA operates the Program.

5.      Defendant shall not selectively open or close its waiting list to particular groups of applicants, such as Non-Residents, to the Program, as long as WHA operates the Program.

IV.   **EDUCATIONAL TRAINING**

6.      Defendant will attend educational training (the "Educational Training"), which shall cover the requirements of the federal Fair Housing Act, including the duty to affirmatively further fair housing; applicable state and local fair housing laws; Defendant's policy of non-discrimination in housing; and the policies, operations, methods, and procedures governing the WHA Section 8 Housing Choice Voucher Program.  The Educational Training will be conducted by CFHC, at its expense, for three hours within nine (9) months of the Effective Date of the Consent Decree at a location of mutual convenience in the Town of Winchester, CT.  The Educational Training shall be attended by (i) all employees of Defendant, including but not limited to the Executive Director; and (ii) all individuals on WHA's Board of Directors.  CFHC and Defendant will coordinate on scheduling a mutually convenient time for the Educational Training.

## V.  <u>NON-DISCRIMINATION POLICY AND STATEMENT</u>

7.      Within sixty (60) days of the Effective Date of this Consent Decree, WHA shall adopt a written non-discrimination policy with reference to housing ("Non-Discrimination Policy"), substantially in the form of the document attached hereto as Exhibit A.

8.      Within sixty (60) days of the Effective Date of the adoption of the Non-Discrimination Policy, all current and future officers, employees, and volunteers of WHA shall be required to read the Non-Discrimination Policy and sign the Acknowledgment Form, a copy of which is attached hereto as Exhibit B.  Defendant shall retain all such Acknowledgment forms for the term of this Consent Decree.

9.      Defendant shall continue to inform the public of its Non-Discrimination Policies with respect to the Program by displaying fair housing posters at its Section 8 office in a location that is visible to the public.

10.      The Defendant shall continue to add to stationery, program flyers, handouts, and forms used in the Program with either the HUD fair housing logo or the phrase "equal housing opportunity" and within 120 days add such logo or phrase to any such material should there be any that does not contain it.

11.      Defendant shall continue to comply in any and all of its advertising with federal fair housing regulations.

12.      Within one hundred twenty (120) days of the Effective Date of this Consent Decree, Defendant will adopt the following Non-Discrimination Statement:

<u>Non-Discrimination Statement</u>: The Winchester Housing Authority is committed to equal housing opportunity.  The Winchester Housing Authority's Section 8 Housing Choice Voucher Program does not discriminate on the basis of race, color, ancestry, religion, sex, familial status (expecting or having a child under 18), national origin, disability, marital status, age, sexual orientation, gender identity or expression, or lawful source of income.

5

13.     Within one hundred twenty (120) days of the Effective Date of this Consent Decree, WHA will include the Non-Discrimination Statement on the Program's applications and post it at its Section 8 office in a location that is visible to the public and on the WHA's website.

**A.     Education and Outreach**

14.     If Defendant continues to administer the Program after January 1, 2014, it shall affirmatively market the Program to Non-Resident Minority persons during the term of this Consent Decree, and thereafter so long as WHA administers the Program.  WHA shall maintain a written log of its affirmative marketing activities that includes, at a minimum, the date of the activity, a description of the activity, the name of the person who engaged in the activity, and a description of materials disseminated during the activity or a copy of the materials so disseminated.

15.     If Defendant continues to administer the Program after January 1, 2014, Defendant shall provide individuals who attend initial Section 8 eligibility interviews with briefing materials that include a fair housing flyer or brochure designed by CFHC in consultation with WHA.  The flyer or brochure shall include information about federal and state fair housing laws and how to file housing discrimination complaints, including with HUD, the Connecticut Commission on Human Rights and Opportunities, and CFHC.  The flyer or brochure shall be a single double-sided sheet of letter-size paper, and CFHC shall provide two versions, one in English and one in Spanish.  The costs of copying and distributing the flyer or brochure shall be the responsibility of WHA.

16.     If Defendant continues to administer the Program after January 1, 2014, WHA shall inform Non-Resident applicants at the initial briefing interview and throughout their housing search about the benefits of living in the RAA.

**B.      Section 8 Housing Choice Voucher Waiting List**

17.  WHA shall print a list of the applicants already on the Section 8 Waiting List ("Waiting List") in the order of oldest to most recent application, regardless of the Residency status of the applicant.  WHA shall provide a copy of this printed Waiting List to Plaintiffs' Counsel with the applicants' names and street addresses redacted.

18.     For so long as WHA continues to administer the Program, WHA shall offer the next available voucher to the applicant at the top of the Waiting List printed in accordance with paragraph 17.

19.     If the WHA mails notices of eligibility interviews to Non-Resident applicants on the current Waiting List, it shall enclose a one-page informational sheet in the form attached hereto as Exhibit C.  WHA will revise Exhibit C to provide updated rental amounts for Fair Market rents as necessary to ensure that correct information is being provided to recipients as of the date of the eligibility notice.

20.     Defendant shall reopen the current Section 8 Waiting List when the Waiting List has one hundred (100) or fewer applicants.

21.     At least thirty (30) days and not more than sixty (60) days before the WHA reopens its Waiting List, WHA shall engage in the activities listed below to advertise the reopening of the Waiting List:

(a)      advertise the Program in the following newspapers:

    i.    The Waterbury Republican-American

    ii.   La Identidad Latina

    iii.  La Tribuna

    iv.   Danbury News-Times

     v.    The Hartford Times;

(b)    post a notice on WHA's website; and

(c)    mail written notification of the opening of the Waiting List to the organizations listed as Exhibit D.

22.    Each advertisement and/or notice shall include a statement that the Program does not have a residency requirement or residency preference, the date the Waiting List will reopen, the date the Waiting List will close, if any, and the process for applying to the Program.

23.    If Defendant reopens the Waiting List or Section 8 vouchers, in accordance with paragraph 20, applicants will be placed on the Waiting List without regard to town to whether they are a Resident or Non-Resident, in accordance with WHA's then-current Administrative Plan, revised pursuant to this Consent Decree and approved by HUD, by lottery as more fully set forth in paragraph 24.

24.    WHA will issue future spots on its Section 8 Waiting List by a lottery of all qualified applicants who apply during a designated application period.  Those accepted, by lottery, will be placed at the "bottom" of the Waiting List created pursuant to paragraph 17, in accordance with WHA's then-current Administrative Plan, revised pursuant to this Consent Decree and approved by HUD.

## VI.    SECTION 8 ADMINISTRATIVE PLAN

25.    If Defendant continues to administer the Program after January 1, 2014, Defendant shall revise its Administrative Plan with respect to the removal of any residency requirements and residency preferences, the operation of the Program's future waiting list, and the advertising and affirmative marketing of the Program to ensure that the Plan complies with civil rights and fair housing laws, and accurately reflects the terms of this Consent Decree.  In doing so, Defendant shall:

(a)     remove any language regarding residency requirements and residency preferences in the Section 8 application form;

(b)     remove any language regarding residency requirements and residency preferences in correspondence it has with applicants on the Waiting List and in advertising, briefing materials, brochures, and any other documents describing the voucher selection process;

(c)     state that the Waiting List cannot be selectively opened or closed to particular groups of applicants, such as Non-Residents; and

(d)     state that no applicant shall be removed from the Waiting List unless (1) the applicant requests that his or her name be removed; (2) the applicant fails to respond to written requests for information, which written requests indicate that a failure to respond may result in removal from the Waiting List and which are issued by Defendant in accordance with, and as specified in, Chapter 4 (Waiting List and Tenant Selection) under the heading "Sample Procedure for Updating the Waiting List" at page 4-7 of the Housing Choice Voucher Program Guidebook issued by HUD; or (3) the applicant does not meet Section 8 federal program eligibility criteria.

26.     If Defendant continues to administer the Program after January 1, 2014, Defendant will revise those portions of its current Administrative Plan referenced in the preceding paragraph and submit the revised Administrative Plan to HUD for review and approval on or before January 1, 2014.  Defendant may submit additional revisions at the same time or at any other time within one hundred eighty (180) days of the Effective Date.  Defendant may otherwise revise the methods and procedures of its Section 8 Housing Choice Voucher Program at any time during the term of this Consent Decree, provided they remain consistent with the terms and conditions of this Consent Decree.  For any revisions described in this Section, WHA shall provide written notice of the proposed changes to CFHC and Plaintiffs' Counsel thirty (30) days before submission to HUD.   If HUD disapproves of any submitted changes, WHA will comply with HUD's requirements of the administrative plan.  The parties are aware that Defendant is required to administer the program in accordance with the administrative plan filed with and approved by HUD and administer the program in conformance with that plan.

Any requirements of this Consent Decree that are contrary to the requirements of the administrative plan shall be void until such time as changes to the plan are approved consistent with statutes and regulations governing changes to the plan.

## VII.   MONETARY SETTLEMENT

27.   Defendant and/or its insurers shall pay the sum of three hundred fifty thousand ($350,000) dollars to Plaintiffs and their attorneys Relman, Dane & Colfax PLLC in full and final settlement of all of Plaintiffs' claims against the Defendant, including, but not limited to, damages, attorneys' fees, and costs.  The payment shall be made by check payable to "Relman, Dane & Colfax PLLC within thirty (30) days after the Effective Date of this Consent Decree. Payment shall be sent by overnight mail to Plaintiffs' Counsel, Relman, Dane & Colfax PLLC, 1225 19th St. NW, Suite 600, Washington, DC 20036-2456.

28.   Within five (5) business days of receipt of payment, the parties shall file with the Court a Stipulation of Dismissal ("Stipulation") with prejudice in the form attached hereto as Exhibit E.

## VIII.   MUTUAL RELEASES

29.   Plaintiffs and Defendant mutually release, acquit, and forever discharge each other with prejudice and subject to this Consent Decree from any and all claims, demands, causes of action, or liabilities, at law or in equity, arising out of the allegations in the Complaint and the FAC and existing as of the Effective Date of this Consent Decree.  This release includes any and all claims, demands, actions or causes of action, rights, liabilities, damages, losses, obligations, judgments, suits, matters, and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, arising out of the allegations in the complaint, that have been or could have been asserted in the

10

Action or in any court tribunal, or proceeding; and any and all related charges or complaints, including all statutory, tort, contract, or other claims that were or might have been asserted by Plaintiffs or Plaintiffs' Counsel or Defendant or Defendants' Counsel in any court or administrative process.  As a condition of this release, Plaintiffs and Plaintiffs' Counsel warrant that as of the Effective Date of the Consent Decree, Plaintiffs and Plaintiffs' Counsel are not aware of any third party who may have a housing discrimination allegation or claim involving the Defendant, and Plaintiffs and Plaintiffs' Counsel have not made any referrals to legal counsel, government agencies, or any other third party.

30.     Nothing in this Section shall preclude the parties from seeking to enforce the terms in this Consent Decree.

## IX.    **RECORDKEEPING**

31.     So long as Defendant directly administers the Program, Defendant shall maintain records, including, but not limited to, documents relating to the WHA Section 8 Housing Choice Voucher Program during the term of this Consent Decree.  The Defendant shall make the information described below available for inspection by CFHC upon written request, at CFHC's own expense and at a mutually convenient time and place at an office of Defendant.  This information shall include:

(a)     WHA Board Minutes;

(b)     the WHA's Section 8 voucher holder list, including data entries for the voucher holder's race, national origin, application date, census tract and town moved from and date of move, and census tract and town moved to and date of move, and indicating whether the voucher holder was initially awarded a voucher from WHA's Waiting List, ported into WHA's Program with a voucher, or became a WHA Program participant through other means;

(c)     complaints of discrimination involving WHA's Section 8 Housing Choice Voucher Program;

(d)  briefing materials, if any, given to new Section 8 voucher applicants and recipients;

(e)  newspaper advertisements regarding the Waiting List and Section 8 Program; and

(f)  fair housing training verifications and fair housing policy acknowledgement forms.

32.  The Defendant may redact from the information provided pursuant to Paragraph 31 above the names and addresses of applicants and voucher holders; personal financial information including tax returns, wage information, and amount of public benefits; social security numbers; medical information; and any other information prohibited by law from disclosure.

## X.  TERM OF CONSENT DECREE

33.  This Consent Decree shall continue in force for a period of five (5) years from the Effective Date.  The Court shall retain jurisdiction of this action for the duration of this Consent Decree.

34.  Plaintiffs and Plaintiffs' Counsel agree that any information obtained from WHA or its counsel in the Action under the preceding Section shall be used solely for the purpose of monitoring WHA's compliance with the terms of this Consent Decree.

## XI.  MISCELLANEOUS TERMS

35.  The Parties to this Consent Decree shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Consent Decree prior to bringing such matters to the Court for resolution.

36.  In the event that CFHC believes there may exist an incident or incidents of noncompliance with this Decree, it shall provide Defendant with written notice of such belief, along with supporting and/or relevant documentation.  Within thirty (30) days of mailing of such

written notice, Defendant shall investigate the allegations and reply in writing to CFHC with supporting and/or relevant documentation concerning the incident or incidents and the remedy WHA has undertaken or proposes to undertake, if necessary.  CFHC shall communicate in writing to WHA whether it is satisfied with such remedy and/or explanation of the events.

37.     If CFHC is not satisfied with the remedy and/or explanation, the parties will make good-faith efforts to meet and confer before filing a motion or otherwise contacting the Court regarding the alleged noncompliance.

38.     Without further order of the Court, the Parties may agree to reasonable written extensions of time to carry out any of the provisions of this Consent Decree.

39.     This Consent Decree constitutes the entire agreement of the Parties and may only be amended or modified in writing and executed by all Parties.

40.     If any provision of this Consent Decree is declared invalid or unenforceable by a court having competent jurisdiction, it is mutually agreed that this Consent Decree shall endure except for the part declared invalid or unenforceable by order of such court.

41.     This Consent Decree may be executed in two or more counterparts, each of which, when so executed and delivered, shall be an original, but such counterparts shall together constitute one and the same instrument and agreement.  For purposes of executing this Consent Decree, a document signed and transmitted by facsimile or email shall be treated as an original document.  The signature of any party thereon shall be considered as an original signature, and the document transmitted shall be considered to have the same binding legal effect as an original signature on an original document.

42.     This Consent Decree shall be governed and construed in accordance with the laws of the State of Connecticut.

RELMAN, DANE & COLFAX PLLC

Dated: _____10/31/13_____

By: _____

John P. Relman (*pro hac vice*)
Jia Cobb (*pro hac vice*)
Timothy Bennett-Smyth [ct27615]
RELMAN, DANE & COLFAX, PLLC
1225 19th St. NW, Suite 600
Washington, D.C. 20036-2456
Tel: (202) 728-1888
Fax: (202) 728-0848
E-mail: jrelman@relmanlaw.com
        jcobb@relmanlaw.com
        tsmyth@relmanlaw.com


Greg Kirschner [ct26888]
CONNECTICUT FAIR HOUSING CENTER
221 Main St., 4th Floor
Hartford, CT 06106
Tel: (860) 263-0728
Fax: (860) 247-4236
Email: greg@ctfairhousing.org

*Counsel for Plaintiffs*

STEDRONSKY & D'ANDREA, LLC

Dated: _____11/4/13_____

By: _____

James Stedronsky
STEDRONSKY & D'ANDREA, LLC
62 West Street, P.O. Box 1529
Litchfield, CT 06579
Tel: (860) 567-9111
Fax: (860) 567-1666
E-mail: jhs@stedlaw.com


Cesar Noble
David Yale
NOBLE, SPECTOR & O'CONNOR, P.C.
1 Congress Street
Hartford, CT 06114
Tel: (860) 525-9975
Fax: (860) 525-9985
E-mail: noble@nsyolaw.com
        yale@nsyolaw.com

*Counsel for Defendant*


**IT IS SO-ORDERED** this ___ day of _____.


_____
HON. JUDGE WARREN W. EGINTON
U.S. District Judge
District of Connecticut


14

**Exhibit A**

**HOUSING NON-DISCRIMINATION POLICY
OF THE HOUSING AUTHORITY OF THE TOWN OF WINCHESTER**

  As part of our continuing effort to ensure compliance with federal, state, and local antidiscrimination laws, we would like to take this opportunity to remind all employees, independent contractors, volunteers, and agents of the Housing Authority of the Town of Winchester ("WHA") of our policies against discrimination.

  It is the policy and practice of WHA not to engage in or assist others to engage in housing discrimination.  Consistent with that policy, we remind you that the antidiscrimination laws of the United States and the State of Connecticut are quite specific in the area of housing.  To comply with these laws, when acting on behalf of the WHA you must <u>not</u> do any of the following:

  1. Refuse to provide Section 8 housing vouchers, refuse to assist a Section 8 housing voucher recipient, or otherwise make unavailable or deny, housing under WHA's Section 8 Housing Voucher Program to any person because of their race, color, ancestry, religion, sex, familial status (having or expecting a child under 18), national origin, disability, marital status, age, sexual orientation, gender identity or expression, or lawful source of income (each a "prohibited basis");

  2. Discriminate against any person in the terms, conditions, or privileges of providing Section 8 Housing Vouchers or in the provision of services or facilities regarding the WHA's Section 8 Housing Voucher Program because of a prohibited basis;

  3. Make any verbal or written statement or inquiry with respect to housing that indicates any preference, limitation, or discrimination concerning a prohibited basis, or any statement indicating an intention to make any such preference, limitation, or discrimination;

  4. Represent to any person because of a prohibited basis that any housing is not available for purchase or rental when such housing is in fact so available, or represent to any person because of a prohibited basis that a Section 8 Housing Voucher is not available or the waiting list for a voucher is closed when such a voucher is in fact so available or the waiting list is not closed;

  5. Discriminate against any person in the Section 8 Housing Voucher Program because of a prohibited basis;

  6. Enter into an agreement that imposes any restriction upon persons to whom housing may be shown, rented, or sold because of a prohibited basis;

  7. Direct or steer any individual away from or toward a particular building, neighborhood, or vacancy because of a prohibited basis;

8.      Coerce, intimidate, threaten or interfere with any person who is a prospective or current resident, owner, tenant, or Section 8 Housing Voucher recipient, or anyone assisting a current resident, owner, tenant, or Section 8 Housing Voucher recipient to exercise or enjoy the rights guaranteed by the federal Fair Housing Act and state and local fair housing laws.

It is important to understand that any action you take because of race, color, ancestry, religion, sex, familial status (having or expecting a child under 18), national origin, disability, marital status, age, sexual orientation, gender identity or expression, or lawful source of income that has the effect of making housing unavailable to persons protected under these laws constitutes a violation of federal, state, and/or local laws.

Providing equal opportunity to all persons is the law.  WHA is firmly committed to the goal of fair housing. **You should understand that any violation of this nondiscrimination policy will lead to disciplinary action, up to and including discharge.**

**<u>Exhibit B</u>**

**ACKNOWLEDGMENT FORM**

I acknowledge that:

  I have read the Housing Non-Discrimination Policy of the Housing Authority of the Town of Winchester (the "Policy") and agree to comply with the Policy, including all federal, state, and local housing discrimination laws.


_____  _____
DATE                        INITIALS


_____
EMPLOYEE (PRINT)


_____
EMPLOYEE (SIGNATURE)

## Exhibit C

**IMPORTANT NOTICE TO HOUSING AUTHORITY OF THE TOWN OF
WINCHESTER SECTION 8 VOUCHER RECIPIENTS**

If it is determined that you qualify to receive a Section 8 housing voucher from the
Housing Authority of the Town of Winchester ("WHA"), you may use that voucher anywhere in
Barkhamsted, Canaan, Colebrook, Cornwall, Goshen, Harwinton, Kent, Litchfield, New
Hartford, Norfolk, North Canaan, Roxbury, Salisbury, Sharon, Warren, Washington, or
Winchester for the first year.  If you currently live in one of these towns, you are not required to
use the voucher where you currently reside.

For most areas, you will need to locate a rental unit within the guidelines established by
HUD.  You can locate information on HUD's determination of Fair Market rents at:

http://www.huduser.org/portal/datasets/fmr.html

## **Exhibit D**

**List of Organizations**

1)  United Way of Connecticut Infoline (211)

2)  Connecticut Department of Social Services

3)  Imagineers LLC

4)  New Opportunities, Inc.

5)  Housing Education Resource Center ("HERC")

6)  Housing Operations Management Enterprises, Inc. ("HOME Inc.")

**Exhibit E**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

_____
                                     )
                                     )

CRYSTAL CARTER and THE CONNECTICUT   )
FAIR HOUSING CENTER,                   )
                                     )
                      _Plaintiffs_,  )     Case No.: 3:12-cv-01108 (WWE)
                                     )
v.                                       )
                                     )
                                     )
HOUSING AUTHORITY OF THE TOWN OF     )
WINCHESTER,                      )
                                     )
                      _Defendant._  )
_____)

## STIPULATION AND ORDER OF DISMISSAL

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs Crystal Carter and the Connecticut Fair Housing Center and Defendant Housing Authority of the Town of Winchester, through its undersigned counsel, who are authorized by their clients to execute this Stipulation, that the claims against the Housing Authority of the Town of Winchester be dismissed with prejudice pursuant to the terms of the Consent Decree entered by this Court on

_____.

Dated: _____    Dated: _____

By: _____    By: _____

    John P. Relman (*pro hac vice*)

    Jia Cobb (*pro hac vice*)

    Timothy Bennett-Smyth [ct27615]

    RELMAN, DANE & COLFAX, PLLC

    1225 19th St., NW, Suite 600

    Washington, D.C. 20036-2456

    Tel: (202) 728-1888

    Fax: (202) 728-0848

    E-mail: jrelman@relmanlaw.com

          jcobb@relmanlaw.com

          tsmyth@relmanlaw.com

    James Stedronsky

    STEDRONSKY & D'ANDREA, LLC

    62 West Street, P.O. Box 1529

    Litchfield, CT 06579

    Tel: (860) 567-9111

    Fax: (860) 567-1666

    E-mail: jhs@stedlaw.com

    Greg Kirschner [ct26888]

    CONNECTICUT FAIR HOUSING CENTER

    221 Main St., 4th Floor

    Hartford, CT 06106

    Tel: (860) 263-0728

    Fax: (860) 247-4236

    Email: greg@ctfairhousing.org

    Cesar Noble

    David Yale

    NOBLE, SPECTOR & O'CONNOR, P.C.

    1 Congress Street

    Hartford, CT 06114

    Tel: (860) 525-9975

    Fax: (860) 525-9985

    E-mail: noble@nsyolaw.com

          yale@nsyolaw.com

    *Counsel for Plaintiffs*

    *Counsel for Defendant*

**IT IS SO-ORDERED** this _____ day of _____.

_____

HON. JUDGE WARREN W. EGINTON

U.S. District Judge

District of Connecticut